UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF IOWA

IN RE:

Marlin Nelson and Debora Nelson,

Debtors

Chapter 7

Bankruptcy No. 24-00946

**OPINION AND ORDER ON TRUSTEE'S OBJECTION TO DEBTORS' CLAIM OF EXEMPTIONS**

This matter came before the Court for an evidentiary hearing on Trustee's Objection to Debtor's Claim of Exemptions (Doc. 19) on real property located at 39848 N. 26th Street, Cave Creek, Arizona 85331 ("Arizona Property"). Wil Forker appeared for Marlin and Debora Nelson ("Debtors"). Nicole Hughes ("Trustee") appeared as the Chapter 7 Trustee. The Court took evidence, heard argument, and took the matter under advisement. Simultaneous post-hearing briefs were filed. This is a core proceeding under 28 U.S.C. § 157(b)(2).

**I. BACKGROUND/STATEMENT OF THE CASE**

Debtors filed their Chapter 7 Petition on September 30, 2024 (Doc. 1). Debtors claimed their Arizona Property as their homestead exemption. Trustee filed an Objection to Debtor's Claim of Exemptions (Doc. 19). Debtors filed a Reply to Objection to Debtor's Claim of Exemptions (Doc. 29). After reviewing the filings

and record at the evidentiary hearing, the Court overrules Trustee's Objection to Claim of Exemptions. The reasons are as follows.

## II. FINDINGS OF FACT

In May of 2023, Debtors took out a $200,000 second mortgage on their home in Sergeant Bluff, Iowa ("Iowa Property") and used the proceeds to partially fund the purchase of the Arizona Property. Debtors purchased the Arizona Property for $679,000. Debtors had frequently visited Arizona over the years and planned to move there permanently after they retired. Mr. Nelson testified that when they bought the Arizona house, they still owned the Iowa Property and had yet to receive any written offers on it. However, they had received several inquiries and had multiple potential buyers looking at the house. Debtors eventually sold the Iowa Property, and the sale was finalized on January 3, 2024, for $725,000. Mr. Nelson testified that high interest rates and the price of the house made it more difficult to sell and that the process had taken a lot longer than Debtors initially believed it would. With the sale proceeds, Debtors paid off the second mortgage they had obtained to finance the purchase of the Arizona Property. They moved from the Iowa Property to the Arizona Property in March of 2024.

Debtors filed their Chapter 7 Petition on September 30, 2024 (Doc. 1). On Debtor's Chapter 7 Petition, they claimed the homestead exemption for the Arizona Property for $650,000 (Doc. 1 at 26). Trustee claims an interest in the Arizona

2

Property for $679,000. The proceedings on Trustee's Objection to Exemptions followed.

### III. CONCLUSIONS OF LAW/DISCUSSION

The filing of a bankruptcy petition and commencement of a case creates a bankruptcy estate. 11 U.S.C. § 541(a). "[The] estate is comprised of ... all legal or equitable interests of the debtor in property as of the commencement of the case." Id. § 541(a)(1). Section 522(b)(3)(A) of the Bankruptcy Code permits a debtor to claim as exempt from the bankruptcy estate:

> … any property that is exempt under Federal Law, … or State or local law that is applicable on the date of filing of the petition at the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the filing of the petition or if the debtor's domicile has not been located in a single State for such 730-day period, the place in which the debtor's domicile was located for 180 days immediately preceding the 730-day period or for a longer portion of such 180-day period than in any other place.

At the time of filing, Debtors had not lived in Arizona for the 730 days required under this section. In the 180 days immediately preceding the 730-day period, Debtors' domicile was in Iowa. For this reason, Debtors appropriately claimed the Arizona Property exempt under Iowa law. The Trustee does not object to the application of Iowa exemption law but argues that the Arizona Property is not exempt because Debtors did not use the proceeds of the sale of the Iowa Property in purchasing the Arizona Property. As the party objecting to the claimed exemption, the Trustee has the burden of proving that the Arizona Property is not exempt. Fed.

3

R. Bankr. P. 4003(c); In re Corbett, No. BR 15-01582, 2016 WL 4703481, at *2 (Bankr. N.D. Iowa Sept. 8, 2016).

Under Iowa law, "[t]he homestead of every person is exempt from judicial sale where there is no special declaration of statute to the contrary." Iowa Code § 561.16. The law allows for the changing of homesteads, such as when an individual sells their homestead and subsequently moves into another. Iowa Code § 561.20 provides:

> Where there has been a change in the limits of the homestead, or a new homestead has been acquired with the proceeds of the old, the new homestead, to the extent in value of the old, is exempt from execution in all cases where the old or former one would have been.

Id. § 561.20. Debtors are thus "entitled to continuing homestead protection if they sell their first homestead and use any proceeds from that homestead to purchase a new homestead." In re McDonald, No. BR 15-00739, 2016 WL 1238832, at *4 (Bankr. N.D. Iowa Mar. 29, 2016) (citing Richards v. Orr, 92 N.W. 655, 656 (Iowa 1902); John Deere Cmty. Credit Union v. Miller, 810 N.W.2d 896 (Iowa Ct. App. 2012)). "If so purchased, these later-acquired homesteads are exempt up to the full value of the previous homestead, regardless of the amount of proceeds from the old homestead that a person uses to acquire the new homestead." Id. (citing Am. Sav. Bank of Marengo v. Willenbrock, 228 N.W. 295, 298 (Iowa 1929)).

"The purpose of the homestead exemption is 'to provide a margin of safety to the family, not alone for the benefit of the family, but for the public welfare and

4

social benefit which accrues to the state by having families secure in their homes." In re Wasteney, No. 02-03910, 2004 Bankr. LEXIS 2597, at *30 (Bankr. S.D. Iowa Aug. 11, 2004) (citing In re Mclain's Estate, 262 N.W. 666, 669 (Iowa 1935)). "Homestead rights are jealously guarded by the law." Merchants Mut. Bonding Co. v. Underberg, 291 N.W.2d 19, 21 (Iowa 1980) (citing Wright v. Flatterich, 281 N.W. 221, 223 (Iowa 1938)). The Iowa Supreme Court has long held "that exemption statutes are to be construed liberally in favor of the debtor." Berner v. Dellinger, 222 N.W. 370, 372 (Iowa 1928). "Regard should be had to the spirit of the law rather than its strict letter." Millsap v. Faulkes, 20 N.W.2d 40, 42 (Iowa 1945). "The law allowing the exemption is to be liberally construed, and is not to be pared away by construction so as to defeat its beneficent, sociological, and economic purpose." Willenbrock, 228 N.W. at 297.

Trustee argues that under Iowa Code § 561.20, Debtors are not entitled to continuing homestead protection because they did not use any proceeds from the sale of the Iowa Property to purchase the Arizona Property. In light of the purpose of the homestead exemption and the liberal construction afforded it by Iowa courts, the Court is not persuaded by the Trustee's argument.

Trustee relies primarily on In re McDonald in support. In that case, debtors purchased a second home and financed the transaction with a mortgage, $15,000 withdrawn from a 401k, and proceeds from the sale of a car. 2016 WL 1238832, at

5

*1. A little over a month later, debtors sold their first home and received no net proceeds from the sale. Id. The Court ultimately concluded that the new home was not exempt because the debtors did not use proceeds from the sale of their first house to purchase the new home. Id. at *3. Debtors argue that the case here is distinguishable from McDonald because unlike McDonald, proceeds from the old homestead were used to purchase the new homestead. Debtors assert that using the mortgage proceeds from the Iowa Property to purchase the Arizona Property and subsequently paying off the mortgage with proceeds from the sale of the Iowa Property, effectively transferred $200,000 in equity to the Arizona Property, and thus satisfied the requirement that the new homestead be acquired with proceeds of the old.

The court in In re Wasteney faced a similar scenario. 2004 Bankr. LEXIS 2597 (Bankr. S.D. Iowa Aug. 11, 2004). There, the debtors purchased a new home before selling their condominium. Id. at *34. Debtors took out a loan and used the proceeds to pay the purchase price. Id. Once the condominium sold, debtors used the sale proceeds to pay off the remaining balance of the loan used to purchase the condominium and applied the rest to the loan used to purchase the new home. Id. The bank argued that because the debtors had closed on the purchase of the new homestead before closing on the sale of their condominium, they had not acquired their new homestead with proceeds of the former. Id. at *35. The court was not

6

persuaded by the bank's argument, stating that "there is no prescribed manner in which a change of homesteads is to be effected. … The determinative requirement is that exempt proceeds from the old be reinvested in the new homestead." Id. The court found that debtors had done just that and held that their new homestead was exempt to the same extent as the old. Id. at *37. Just as the debtors in Wasteney did, Debtors here reinvested the proceeds of the Iowa Property into the Arizona Property. Debtors initially purchased the Arizona Property using the proceeds of a second mortgage on the Iowa Property. Once the Iowa Property was sold, the proceeds were applied to pay off the existing mortgages on the Iowa Property.

The construction the Trustee advocates for here would result in a rule of strict, rather than liberal, interpretation of the homestead exemption statute. It would not be reasonable in light of the modern realities of moving from one homestead to another. Because the Debtors reinvested the proceeds of the Iowa Property into the Arizona Property, the Court concludes that the Arizona Property was "acquired with the proceeds of the old" and "to the extent in value of the old, is exempt." Iowa Code § 561.20. The Trustee's Objection to Debtors' Claims of Exemptions must, therefore, be overruled.

### IV. CONCLUSION/ORDER

For the foregoing reasons, Trustee's Objection to Debtor's Claim of Exemptions is **OVERRULED.**

7

Ordered:
July 11, 2025

_____
Thad J. Collins
Chief Bankruptcy Judge